**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAWN HARRIS,

    Plaintiff,

    v

ALAMEDA COUNTY MEDICAL CENTER, JEANETTE LOUDEN-CORBETT, in her individual capacity, and DOES 1 through 15,

    Defendant.
_____/

No   C 08-5348 VRW

ORDER

The court is in receipt of defendants' statement of non-opposition to the court's tentative order regarding plaintiff's due process claim. Doc #77; see also Doc #74, Appx A. The court therefore ADOPTS in its entirety its tentative ruling, below, and DIRECTS the clerk to close administratively the above-captioned file.

\\
\\
\\
\\
\\

For the reasons stated in the court's order GRANTING IN PART and DENYING IN PART defendants' motion for summary judgment, Doc #74, the court, sua sponte, GRANTS summary judgment to plaintiff on her due process claim.

The Ninth Circuit and "the Supreme Court have repeatedly held that the appropriate remedy for deprivation of a liberty and/or property interest without due process is to order the process that was due and any attendant damages which directly resulted from the failure to give the proper procedure." Brady v Gebbie, 859 F2d 1543, 1551 (9th Cir 1988). Federal courts, therefore, have ordered government entities to provide employees with evidentiary hearings if the employees were denied these hearings in violation of their due process rights. See Parker v Yuba County Water Dist, 2009 US Dist LEXIS 29176, *2 (ED Cal); Levine v City of Alameda, 2006 US Dist LEXIS 2285, *20-21 (ND Cal) (Breyer, J).

With respect to monetary damages, the Supreme Court has stated that the purpose of damages for procedural due process violations "should be to compensate persons for injuries that are caused by the deprivation of constitutional rights." Carey v Piphus, 435 US 247, 253-54 (1978). In considering what injuries are caused by deprivation of procedural due process, the Court noted that "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Id at 259. The Court concluded, then, that a party who suffered a violation of her procedural due process rights may only recover damages flowing

from a loss of a liberty or property interest if the deprivation of that interest was unjustified. Id at 261.[1] If, however, the deprivation was justified, a party's damages are limited to mental and emotional distress caused by the denial of due process and nominal damages because the cause of the deprivation was not a violation of the party's due process rights. Id. Moreover, the Court stated that mental and emotional distress is not presumed to flow from a denial of due process. Id at 262.

Since Harris was denied her right to a full evidentiary hearing, the court ORDERS the process that she was due: a full evidentiary hearing before a neutral third party, with ACMC to bear the costs. See Parker, 2009 US Dist LEXIS 29176 at 2; Levine, 2006 US Dist LEXIS 2285 at 20-21. Since ACMC staff may arguably be biased against Harris as a product of this litigation, ACMC must provide a neutral third-party to preside over Harris's hearing. See Levine, 2006 US Dist LEXIS 2285 at 21. Additionally, Harris is entitled to declaratory judgment that ACMC violated her constitutional due process rights. See id.

To determine what other relief Harris may pursue based on her procedural due process claim, the court must first determine whether her termination was justified. Carey, 435 US at 261. Since the court is ordering a full evidentiary hearing before a neutral party addressing precisely this topic, the court DIRECTS the docket clerk to CLOSE the file administratively pending the

---

[1] See also Jones v Los Angeles Cmty College Dist, 702 F2d 203, 207 (9th Cir 1983) ("Since [plaintiff's] dismissal was upheld in the evidentiary hearing, she may not recover for injuries relating to her loss of employment."); Vanelli v Reynolds Sch Dist No 7, 667 F2d 773, 781 (9th Cir 1982) (holding that plaintiff could not recover for lost employment benefits when her termination was justified).

outcome of Harris's evidentiary hearing.  See Parker, 2009 US Dist LEXIS 29176 at *3-5.

Within thirty (30) days of Harris's evidentiary hearing, the parties are ORDERED to notify the docket clerk to reopen the file.  Additionally, the parties shall submit a joint case management statement summarizing the evidentiary hearing, its procedures and resolution.  The parties shall attach thereto any written or transcribed decision in the matter.  At that time, the court will then either grant judgment in favor of defendants or schedule and conduct further proceedings as necessary to establish plaintiff's damages.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge